UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES EDWARD GRANT,

      Plaintiff,

v.                                                        Case No. 14-C-0727

JESSE SCHNEIDER, et al.,

      Defendant.

**ORDER**

Plaintiff James Edward Grant, who is incarcerated at Waupun Correctional Institution, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated and seeking to proceed *in forma pauperis*. The Court denied Grant's motion to proceed *in forma pauperis* because he has "struck out" under 28 U.S.C. § 1915(g). (ECF No. 4.) The screening order directed Grant to pay the full filing fee within 21 days or the case would be dismissed. Grant failed to pay the filing fee and his case was dismissed without prejudice for failure to prosecute on July 18, 2014. (ECF No. 12.) In the meantime, Grant filed four motions for reconsideration, asserting essentially the same arguments in each relating to the Prisoner Litigation Reform Act (PLRA). (ECF No. 5, 7, 9, 13.) The Court denied the first three motions in written orders (ECF No. 6, 8, and 11) and the last by text only order on July 25, 2014, explaining the reasons his petition to proceed *in forma pauperis* was denied and the constitutionality of the PLRA.

Undeterred, Grant has now filed more motions and documents in this case. (ECF Nos. 15–18.) All of these filings are meritless. For example, his motion entitled "Notice of Motion and Motion for Proposal" largely repeats the arguments advanced in his motions for reconsideration

regarding the PLRA, the supremacy of the U.S. Constitution, and his desire to hold prison officials accountable for undescribed "perfect crimes." (ECF No. 15.) The Court has adequately addressed and rejected these arguments on multiple occasions. His motion also proposes that the Court order the prison to institute a program to lend incarcerated individuals, who have struck out under § 1915(g), up to $1,000 to file lawsuits. Even if the Court had the authority to order a state prison to lend money to an inmate, Grant's proposed program undermines the purpose of § 1915(g), which was enacted by Congress. His proposal, such as it is, would be better addressed to a member of Congress or a state representative, not a federal court. His other "motions" appear to be alleging new claims against other individuals, almost all of whom were not defendants in the original case. (ECF No. 16–18.) As this Court has repeatedly informed Grant, he cannot proceed *in forma pauperis* because he has struck out and does not meet any recognized exception to that bar. (ECF No. 6, 8, 11.)

Grant's litigation history, which until recently was confined to the Western District of Wisconsin, illustrates exactly the kind of abusive, meritless, and frivolous conduct that the PLRA was enacted to address. *See., e.g.*, *Grant v. Schafer*, 08-CV-672-BBC, 2010 WL 537627 (W.D. Wis. Feb. 9, 2010); *Grant v. Barth*, 08-CV-669-SLC, 2009 WL 347080 (W.D. Wis. Feb. 10, 2009); *Grant v. Dane Cnty. Jail Staff*, 08-CV-685-SLC, 2009 WL 151187 (W.D. Wis. Jan. 15, 2009). Because of his repeated filing in the Western District after he struck out under the PLRA, Judge Crabb entered an order restricting Grant from filing papers in that district until he paid the more than $10,000 he owed in fees. *Grant v. Dane Cnty. Jail*, 09-CV-727-SLC, 2010 WL 56020 (W.D. Wis. Jan. 6, 2010). In response to continued filings from Grant after that order, Judge Crabb denied his requests to rescind and actually instituted a modification to consume fewer judicial resources.

*In re James Edward Grant*, 13-MC-1-BBC (W.D. Wis. Jan. 28, 2013); *Grant v. Dane Cnty. Jail*, 09-CV-727-SLC (W.D. Wis. Aug. 19, 2013). It appears that the order remains in place in the Western District. *See Grant v. Maggle*, 14-CV-78-BBC (W.D. Wis. Mar. 19, 2014) ("The sanctions against plaintiff are extended to include the type of complaint that plaintiff has recently filed. His complaints will continue to be routed to chambers for review, and if they raise only the kinds of vague, conclusory claims that he has raised in his last two cases, they will be placed in a box in the office of the clerk of court for one year, to be destroyed at the end of that year."). Grant has not been dissuaded.

Grant's conduct in the two cases[1] before this Court demonstrates that he intends to continue the same pattern of repetitive and frivolous filing that will consume the limited judicial resources of the Eastern District of Wisconsin as well. In just over a month since the Court denied Grant permission to proceed *in forma pauperis* in his two cases, Grant has filed nine motions for reconsideration, a "Motion for Acknowledgment," a "Notice of Motion and Motion for Proposal," a letter complaining about the librarian at the Waupun Correctional Institution, a "Notice of Motion and Motion for Monetary and Pecuniary Relief" against Jeffery Pugh and 49 other individuals, and a "Notice of Motion and Motion for Monetary and Pecuniary Relief" against Mr. Perry and 79 other individuals. His filings are highly repetitive, frequently difficult to follow, at times barely legible, and uniformly frivolous. He has also ignored the filing rules under the U.S. District Court Prisoner E-Filing Program, even after being expressly warned that compliance is mandatory and failure to

---

[1] Grant filed another action against different defendants on June 16, 2014, in which the Court denied Grant leave to proceed *in forma pauperis*. *Grant v. Meli, et al.*, 14-C-0702 (E.D. Wis. June 24, 2014). As in the present case, after the Court dismissed the action for failure to prosecute, Grant filed numerous motions for reconsideration that are nearly identical to those filed in this case. All of them have been denied.

3

comply with the E-Filing Program could result in his documents being returned unfiled. (ECF No. 10.) The Court has devoted an inordinate amount of time and effort to decipher and respond to Grant's arguments, especially considering that they are devoid of merit. Consequently, the Court will enter an order that restricts Grant from filing papers in the Eastern District of Wisconsin.

Under *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), I will order the clerk of court to not file Grant's filings in pending and future cases until he has paid the $800 he owes in fees for his cases before the Court. From now on, when Grant submits documents to the Court, they will not be electronically filed. The Court will also not return the filings to him in order to avoid the expense that would be incurred, which given the frequency and length of his submission could quickly become significant. Instead, the clerk of court will place the documents filed by Grant in a box to be stored so that Grant or anyone else may review them if necessary. The documents will be destroyed after one year. There will be only one exception to this prohibition: Grant may still file for a writ of habeas corpus and documents related to a criminal case in which he is a defendant. *See Mack*, 45 F.3d at 186–87. Also consistent with *Mack*, Grant may submit to this Court, no earlier than two years from the date of this order, a motion to modify or rescind the order. *See id.*

The Court has considered, and rejected, an exception for other civil cases beyond a writ for habeas corpus like that allowed in the Western District for several reasons. First, Grant has made repeated efforts to evade the PLRA and the other rules—like the mandatory E-filing Program—that govern these proceedings. Second, the sheer frequency of his filings within this short time frame, which shows no sign of abating, demonstrates that Grant has no regard for the orders of the Court. Third, an exception allowing Grant to file civil cases in which he alleges that he is in imminent

4

danger of serious physical harm simply invites Grant to file more cases making frivolous allegations of danger. Such an exception would saddle the Court with the laborious task of monitoring Grant's filings in order to review and address these claims, which defeats the purpose of the *Mack* order.

**THEREFORE, IT IS ORDERED** that, until Plaintiff James Edward Grant has paid in full all outstanding fees in all civil actions he has filed in this district, the clerk of court is directed to place any filings, other than a petition for a writ of habeas corpus or document related to a pending criminal action in which Grant is a defendant, submitted by Grant in a box in the office of the clerk of court for one year. The documents are to be destroyed at the end of that year.

**IT IS FURTHER ORDERED** that Plaintiff James Edward Grant is authorized to submit a motion to this Court to modify or rescind this *Mack* order no earlier than two years from the date of this order.

**IT IS ALSO ORDERED** that Plaintiff James Edward Grant's Motion for Proposal (ECF No. [15]), Motion for Monetary and Pecuniary Relief as to Jeffery Pugh and 49 other individuals (ECF No. [17]), and Motion for Monetary and Pecuniary Relief as to Mr. Perry and 79 other individuals (ECF No. [18]) are **DENIED**.

Dated this __30th__ day of July, 2014.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court